******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARQUIS JACKSON *v.* COMMISSIONER
OF CORRECTION
(SC 19360)

Rogers, C. J., and Palmer, Zarella, McDonald, Espinosa and Robinson, Js.

Argued February 22—officially released June 28, 2016

*Peter Tsimbidaros*, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Eugene R. Calistro, Jr.*, senior assistant state's attorney, and *Erika L. Brookman* and *Timothy J. Sugrue*, assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The issue in this appeal is whether the habeas court properly denied the petition for a writ of habeas corpus filed by the petitioner, Marquis Jackson. The petitioner was convicted, after a jury trial, of eight charges arising from a robbery and murder committed in 1999 in New Haven and was sentenced to a total effective sentence of forty-five years imprisonment.[1] The Appellate Court affirmed the judgment of conviction. *State* v. *Jackson*, 73 Conn. App. 338, 341, 808 A.2d 388, cert. denied, 262 Conn. 929, 814 A.2d 381 (2002). The petitioner thereafter filed a petition for a writ of habeas corpus in which he claimed, among other things, that he was deprived of his sixth amendment right to effective assistance of counsel during his trial because his counsel had failed to conduct an adequate pretrial investigation and had failed to adequately present a defense at trial.[2] After a trial, the habeas court denied his petition for a writ of habeas corpus. The petitioner then appealed from the judgment of the habeas court to the Appellate Court, which affirmed the judgment. *Jackson* v. *Commissioner of Correction*, 149 Conn. App. 681, 714, 89 A.3d 426 (2014). We then granted the petitioner's petition for certification to appeal to this court limited to the following issue: "Whether the Appellate Court properly concluded that the habeas court properly determined that criminal trial counsel had rendered effective assistance with regard to cell phone evidence?" *Jackson* v. *Commissioner of Correction*, 313 Conn. 901, 96 A.3d 558 (2014).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] The petitioner was convicted of one count of felony murder in violation of General Statutes § 53a-54c, three counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), two counts of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2), and one count of carrying a pistol without a permit in violation of General Statutes (Rev. to 1999) § 29-35 (a). See *State* v. *Jackson*, 73 Conn. App. 338, 340–41, 808 A.2d 388, cert. denied, 262 Conn. 929, 814 A.2d 381 (2002).

[2] For purposes of this appeal, the relevant pleading is the petitioner's amended petition for a writ of habeas corpus dated October 10, 2009.